CV-16-BE-1789-E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

778511

Inmate Identification Number:

Thomas Gaddis

(Enter above the full name of the plaintiff in this action)

**NOTICE TO FILING PARTY**

*It is your responsibility to notify the clerk in writing of any address change.*

*Failure to notify the clerk may result in dismissal of your case without further notice.*

vs.

OFFICER Stephen Ledbetter
DISTRICT JUDGE JEB FANNIN

(Enter above full name(s) of the defendant(s) in this action)

I.  Previous lawsuits

   A.  Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
       Yes ( ✓ )       No (   )

   B.  If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

       1.  Parties to this previous lawsuit:

           Plaintiff: Thomas Gaddis

           Defendant(s): OFFICER Stephen Ledbetter
           DISTRICT JUDGE JEB FANNIN

2. Court (if Federal Court, name the district; if State Court, name the county) NORTHERN DISTRICT OF Alabama

3. Docket number 1:16-CV-00348-RDP-JEO

4. Name of judge to whom case was assigned R. DAVID PROCTOR United States District Judge.

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) DISMISSED without prejudice for failure to state a claim upon Relief may Be granted.

6. Approximate date of filing lawsuit 2/29/2016

7. Approximate date of disposition October 21, 2016

II. Place of present confinement Talladega County Jail

   A. Is there a prisoner grievance procedure in this institution?
      Yes ( )   No (✓)

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?   Yes ( )   No (✓)

   C. If your answer is YES:
      1. What steps did you take? denied
      2. What was the result? denied

   D. If your answer is NO, explain why not: denied

3

III. Parties.

In item (A) below, place your name in the first blank and place your present address in the second blank.

A. Name of Plaintiff(s) Thomas Gaddis

Address Talladega County Jail PO Box-B, Talladega Al. 35161

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B. Defendant Officer Stephen Ledbetter

Is employed as District Judge Jeb Fannin

at 148 East Street Judicial Building

C. Additional Defendants Talladega Al. 35161

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. <u>Do not give any legal arguments or cite any cases or statues.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

defendant Ledbetter and defendant Fannin conspired together, while acting under the color of state law, willfully deprived plaintiff of his Rights privileges and Immunities that was secured and protected by the Constitution and laws

4

Laws of the United States, willfully restraint plaintiff of his liberty willfully cause Injuries deprivation of plaintiff Constitution Rights.

## V. RELIEF

State briefly <u>exactly</u> what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1) declaratory Judgment that the Form complaint Herein Is unconstitutional, 2. Injuction Relief 3 Compensatory And punitive damages, 4 defendant sued In the officals Compacity Under color of state law, monetary damages, 5. Whatesoever Court deem proper, 6 Any Appropriate Relief Here Under To 42 USC. 1983 $

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11-1-2016

SIGNATURE Thomas Childers

ADDRESS PO BOX B, Talladega County Jail

Talladega, Al 35160

AIS# 77851

## STATEMENT OF FACTS
## IN THE CASE DC-2015:100614

On October 13, 2015 plaintiff were false arrest and illegal detention without a showing of probable cause, Taken and place into confinement in the Talladega County Jail by defendant Officer Stephen Ledbetter.

On October 14, 2015 Officer Ledbetter was acting in pursuant to an arrest warrant that was not base on probable cause, defendant simply inserted my name and some address into a previously prepared form complaint that was unaccompanied by a separate affidavit that lacked factual justification to support the arrest warrant.

The only statement of facts that Ledbetter provide in the form complaint was that he has probable cause for believing and does believe that plaintiff committed, Count 1 Unlawful Manufacture of a controlled substance, Second degree, Count II Unlawful possession of drug paraphernalia.

Defendant Ledbetter submitted this inadequate form complaint to defendant District Judge Jeb Fannin.

The ISSUING Authority As The sole evidence supporting the ISSUANCE OF That WARRANT.

The WARRANT defendant FANNIN, ISSUED Failed to meet MINIMINAL Constitution standards.

defendant Ledbetter, IS Reliable because He sought AND ARRest WARRANT, base on A form complaint That contained no evidence of probable CAUSE.

defendant Ledbetter A Reasonably well trained OFFICER, would have known, that his complaint were without A showing of probable CAUSE. AND WAS UNACCOMPANIED by A Separate Affidavit Failed to establish probable CAUSE.

defendant Ledbetter should not have Applied For A WARRANT IF Such was The CASE, Ledbetter Application For A WARRANT WAS NOT Objectively Resonable because it creaded the UNNECESSARY danger, OF AN UNLAWFUL ARRest, TO The plaintiff

OFFICER Ledbetter, clearly have violated Constitution of The Fourth Amendment WARRANT Clause by Seeking this WARRANT, because Such A Conclusory Form complaint Clearly IS INSUFFICIENT TO establish probable CAUSE

The Form complaint defendant Ledbetter used herein, contains neither information providing the basis for the affiants belief nor any affirmative allegation that the affiant had personal knowledge of the circumstances surrounding the alleged commission of the crime

Officer Ledbetter Form complaint articulate neither the basis for his belief that the plaintiff violated the law, Officer Ledbetter did not state that he saw the offense being committed which he did not, or state plaintiff in possession of theses drugs, items, He did not disclose what the source of his belief was.

Officer Ledbetter, by seeking an arrest warrant on the basis of such a conclusory form complaint defendant Ledbetter clearly have violated a well established constitutional right of the plaintiff Fourth Amendment warrant clause and procedural due process of the Fourteenth Amendment. In which a reasonable well trained officer should or would have known.

Defendant DISTRICT JUDGE JEB FANNIN WAS THE plaintiff sole protection of plaintiff citizen Rights under the Fourth Amendment WARRANT Clauses and procedural due process of the Fourteenth Amendment, FANNIN, FAILE TO DO SO.

Defendant FANNIN IS liable because He didnot acted with in his jurisdiction.

Because of his failure to comply with elementary principles of procedural due process

Defendant JUDGE FANNIN was acting in the clear absence of All jurisdiction over the subject matter,

Defendant JUDGE FANNIN IS liable because He ISSUED A WARRANT that was INVAILD base upon A belief summary, without A showing of probable cause

Defendant JUDGE FANNIN should have known that this form complaint, thats Unaccompanied by A separate Affidavit was clearly Inadequate under well establish Supreme Court CASE LAW.

Defendant FANNIN didnot provide A Fair and Reliable determination of probable cause

defendant Judge FANNIN should have known that the Fourth Amendment Requires, the state to provide A Fair and Reliable determination of probable Cause, As A Condition For Any Significant pretrial Restraint OF Liberty.

Judge FANNIN should have known probable cause determination must be made by A Judicial officer either before or promptly AFTER ARREST Judge FANNIN, Failed To provide these Requirements Herein, To The plaintiff.

Defendant FANNIN Before ISSUING This WARRANT HEREIN should have known That the Fourth Amendment of The United States Constitution provide that no WARRANT Shall Issued but upon probable CAUSE, supported by OATH OR AFFIRMATION,

Defendant FANNIN HEREIN Shown deliberate INDIFFERENCE Against plaintiff, And Failed The Requirement of The Fourth Amendment WARRANT CLAUSES, And Failed TO Comply with procedural, due process of The Fourteenth Amendment or The Equal Protection Clause.

defendant FANNIN Shown, deliberate INDIFFERENCE When He Issued This WARRANT That was clearly Inadequately.

defendant Fannin should have known, under Federal Rules of Criminal procedures, the judge or magistrates is required to determine from the complaint from any affidavit file with the complaint and from any testimony take under oath the offense complained of has been committed and there is probable cause for believing that the defendant committed it.

The purpose served by the Rule is consisted with Ala. Law, and mandates of the Fourth Amendment to the United State Constitution.

Defendant Judge Fannin could have protected plaintiff from this deprivation of life, liberty and property being false arrest, illegal detention, being restraint of liberty.

Defendant Fannin should have known herein the from complaint the Supreme court has recognized and described cannot support a finding of probable cause by a judge or magistrate for the purpose of the issuance of an arrest warrant.

Defendant Fannin and defendant Ledbetter should have known Fourteenth Amendment rights guaranted procedural due process of the bill of rights, the Fourth Fifth Sixth and Eight Amendment contain limitations which are fundamental to state criminal justice systems.

And that the absence of one or the other particular, guarantees denied suspect or a defendant, due process of law.

Defendant Judge FANNIN were in clear absence of all jurisdiction, over subject matter, conspired with defendant LEDBETTER willfully disregard the Fourth Amendment WARRANT clauses and procedural due process of the Fourteenth Amendment, oppress and injure plaintiff who was a innocent citizen a inhabitant of the United State.

Defendant FANNIN and defendant LEDBETTER conspired together, with deliberately indifference against and to the plaintiff.

Misuse their power, acted in the name of the state of Alabama, clothed with the state authority of the state, willfully failed to uphold the Constitution of the United States, state official and states, themselves owe First obligation.

Defendants JUDGE FANNIN and OFFICER LEDBETTER should be held LIABLE, leaving a innocent citizen languishing in confinement, false arrest, illegal prolonged detention, restraint of Liberty.

## STATEMENT OF CLAIMS

On Oct. 13, and Oct 14 2015 Judge Fannin and Officer Ledbetter conspired together false arrest illegal detention without authority of law, and without reasonable colorable cause. Took a form complaint that was uncompained by a separate affidavit without a showing of probable cause, invalid issued warrant thats never had and loss jurisdiction, and subjected the plaintiff to deprivation of his liberty, and his rights.

Defendant Judge Fannin and defendant Ledbetter conspired together while acting under the color of state law, willfully, with deliberate indifference against plaintiff violated the Fourth Amendment warrant clauses, provide that no warrant shall issue but upon probable cause supported by oath or affirmation, no showing of probable cause at the arrest probable cause never existed or established no determination of probable clause.

Defendant Judge Fannin and Officer Ledbetter conspired together while acting under color of state law, entered into a scheme with deliberate indifference, willfully denied procedural safeguard under the Fourth Amendment warrant clause, and procedural due process of the Fourteenth Amendment,



defendant Judge Fannin And officer Ledbetter conspired together violates, A clearly established Federal statutory constitution Right of plaintiff which A resonable person should have known.

defendant Judge Fannin, And defendant Ledbetter while conspireding herein And Acting under the color of state willfull deprivation of the plaintiff civil Right. Have cause compensatory And punitive damages, Injuries, 1 emotional harm, 2 emotional, pain suffering 3 mental Auguish 4 loss of enjoyment of Life, 5 Anxiety distress, 6 hair loss, 7 humiliation 8 mental distress, 9 depression oppression, loss of sleep, 10. Relationship, 12 loss of self esteem, 13. headaches

defendant Fannin And Ledbetter conspired Together under the color of state law, Herein willfully deprived plaintiff of his Rights, privileges, Immunities that was protected And Secured under the constitution And law of the united state

defendant Fannin And defendant Ledbetter should have known, every person who under color of Any statue, ordinance, regulation, custom, or usage of Any state or Territory or District subjects, or causes to be subjected Any citizen of the united states, or other person within the Jurisdiction there to the deprivation of Any Rights, privileges, or Immunities Secured, protected by the constitution And Laws of the under united states.

Shall be Liable to the party INJURED IN AN Action At LAW IN equity, or other proceeding For Redress 42 USC 1983 §

defendant FANNIN And defendant Ledbetter conspired Together Here Do while acting under the color of state law, willfully deprived plaintiff of Fifth Amendment Rights procedural due process, provide nor shall Any person be deprived of LIFE Liberty or property, without due process, of LAW

defendant Judge FANNIN And defendant OFFICER Ledbetter conspired Together acting under the color of state law, willfully deliberate, INdifference Against plaintiff violated And deprived plaintiff Fourteenth Amendment Right of procedural due process Rights nor shall Any State deprive Any person of LIFE Liberty property without due process OF LAW, NOR deny Any person within its jurisdiction the EQUAL protection OF LAW, 42 USC 1983 §

## CRUCIAL ISSUE OF
## STATEMENT OF FACTS AND CLAIMS

Defendant Judge FANNIN, was the plaintiff sole protection civil and citizen Right of being False Arrest Illegal detention, Restraint of Liberty with deliberate indifference to plaintiff constitution Rights from suffering compensatory and punitive damages of the Injuries Judge FANNIN, Failed To Do So.

Judge FANNIN with deliberate indifference Issued A invalid warrant without A showing of probable cause And willfully Restraint plaintiff of his Liberty

Defendant FANNIN knew, This Form Complaint Hereon Had No witnesses or Testimony, To considered before issuing This warrant Judge FANNIN willfully showed plaintiff deliberate indifference Failed his Duty of A Judge Under Rules of Criminal procedure

Defendant FANNIN, Acting in clear Absence of All Jurisdiction over the Subject matter Herein,

Defendant FANNIN was Acting Under the color of State Law willfully Failed To Comply with elementary principle of procedural due process of Alabama Rules of Criminal procedure, Fourth Amendment warrant Clause Procedure due process of the Fourteenth Amendment of The United State Constitution, 42 USC 1983.